**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State,                                    Respondent,

v.

Walter James Greene, Jr.,           Appellant.

———————

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2012-UP-507
Submitted May 1, 2012 – Filed September 5, 2012

———————

**AFFIRMED**

———————

Appellant Defender Elizabeth A. Franklin-Best, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M.

Coombs, Jr., all of Columbia; and Solicitor David M. Pascoe, Jr., of Summerville, for Respondent.

**PER CURIAM:** Walter James Greene, Jr. appeals his convictions of first-degree burglary, assault and battery with intent to kill, and attempted armed robbery, arguing the trial court erred in denying his motion to suppress the victim's in-court identification of him because the out-of-court identification was unduly suggestive and not reliable under the totality of the circumstances. Because Greene's photograph did not stand out in such a way as to render the lineup unduly suggestive, we affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Singleton, 395 S.C. 6, 13, 716 S.E.2d 332, 335 (Ct. App. 2011) ("The admission of evidence is within the sound discretion of the [trial] court. Accordingly, a [trial] court's decision to allow the in-court identification of an accused will not be reversed absent an abuse of discretion or prejudicial legal error." (citation and quotation marks omitted)); State v. Turner, 373 S.C. 121, 127, 644 S.E.2d 693, 696 (2007) ("An in-court identification of an accused is inadmissible if a suggestive out-of-court identification procedure created a very substantial likelihood of irreparable misidentification."); id. (stating the determination of the admissibility of an out-of-court identification is subject to a two-prong inquiry: (1) whether the identification process was unduly suggestive, and (2) whether, under a totality of the circumstances, a substantial likelihood of irreparable misidentification existed).

**AFFIRMED.**

**FEW, C.J., HUFF and SHORT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.